2007R00696/SBK

UNITED STATES DISTRICT COURT **ORIGINAL**
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA **RECEIVED**

    v.                  **AUG 1 0 2009** :

STEPHEN LOTTER       AT 8:30_____M :
              WILLIAM T. WALSH
               CLERK

Hon.

Criminal No. 09-595 (JAP)

18 U.S.C. §§ 1341 & 1346
26 U.S.C. § 7201
18 U.S.C. § 2

## INFORMATION

The defendant having waived in open court prosecution by indictment, the Acting United States Attorney for the District of New Jersey charges:

### COUNT 1
### Honest Services Mail Fraud
### 18 U.S.C. §§ 1341 & 1346
### 18 U.S.C. § 2

1.    At all times relevant to this Information:

    a.    Defendant Stephen LOTTER resided in Burlington County, New Jersey and worked as a project manager for a cellular telecommunications provider ("Company A").

    b.    As a project manager at Company A, defendant LOTTER's responsibilities included awarding contracts for the construction, maintenance and repair of Company A's telecommunications facilities, such as cell phone towers, transmitters, and receivers, in the New York-New Jersey metropolitan area ("Project Contracts").  Defendant LOTTER also had the authority on behalf of Company A to approve invoices that contractors submitted for payment upon completing Project

Contracts.

c.    Company A had an intangible right to the honest services of its employees, including defendant LOTTER.  As a project manager, defendant LOTTER owed Company A a duty to, among other things: (1) refrain from demanding or accepting any benefit as consideration for a decision to award and approve payment on a Project Contract on behalf of Company A; and (2) disclose, and not conceal, personal financial interests and other material information in matters over which defendant LOTTER exercised authority and discretion on behalf of Company A.

d.    Yellow Transportation was a commercial interstate carrier with a principal place of business in Overland Park, Kansas.

2.    Between at least as early as January 2003 and in or about February 2008, in Burlington County, in the District of New Jersey and elsewhere, defendant

STEPHEN LOTTER

did knowingly devise and intend to devise a scheme and artifice to defraud Company A of its intangible right to his honest services in the performance of his duties, and to obtain money and property from Company A by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice to defraud was in substance as set forth below.

3.    It was part of the scheme and artifice that defendant

- 2 -

LOTTER awarded Project Contracts only to contractors who agreed to pay defendant LOTTER up to approximately 20 percent of the revenue from any Project Contracts that Company A awarded ("Kickback Payments").

4.   It was further part of the scheme and artifice to defraud that, for certain Project Contracts, in order that contractors could recoup the cost of Kickback Payments made to defendant LOTTER, defendant LOTTER caused and permitted contractors to present for approval and payment by Company A fraudulent invoices ("Fraudulent Invoices").

5.   It was further part of the scheme and artifice to defraud that the Fraudulent Invoices billed Company A for work that contractors had previously performed (i.e., double-billing); billed for work that did not need to be performed but nevertheless was (i.e., the installation of redundant and unnecessary equipment); or billed for the purported purchase of telecommunications equipment that defendant LOTTER had actually provided to contractors at no cost.

6.   It was further part of scheme and artifice to defraud that in order to obtain the telecommunications equipment that he gave at no cost to contractors - who then billed Company A for the same equipment on Fraudulent Invoices - defendant LOTTER caused other Company A employees to ship surplus equipment to, among other places, his Burlington County residence.

- 3 -

7.    It was further part of the scheme and artifice to defraud that defendant LOTTER approved the Fraudulent Invoices on behalf of Company A and caused payments to be sent to contractors.

8.    It was further part of the scheme and artifice to defraud that contractors directed Kickback Payments to defendant LOTTER by making cash, check, and in-kind payments, including a 2005 Porsche 911 Turbo S and a 2008 Cadillac Escalade, to defendant LOTTER and to members of his family.

9.    It was further part of the scheme and artifice to defraud that between at least as early as January 2003 and in or about February 2008, defendant LOTTER obtained in excess of $1,000,000 in Kickback Payments.

10.    On or about February 1, 2007, for the purpose of executing and attempting to execute the above scheme and artifice to defraud, defendant

STEPHEN LOTTER

did cause to be deposited to be sent by private and commercial interstate carrier, namely Yellow Transportation, to his Burlington County residence, telecommunications equipment from Company A that he could provide at no cost to contractors making Kickback Payments to him.

In violation of Title 18, United States Code, Sections 1341, 1346, and Section 2.

- 4 -

COUNT 2
Income Tax Evasion (2004)
26 U.S.C. § 7201 and 18 U.S.C. § 2

1.    The allegations contained in paragraph 1 and paragraphs
3 through 9 of Count 1 of this Information are realleged and
incorporated herein.

2.    During the tax year ending December 31, 2004, defendant
LOTTER received approximately $162,500 in Kickback Payments as
described in paragraphs 3 and 8 of Count 1 of this Information.

3.    For the tax year ending December 31, 2004, defendant
LOTTER knowingly caused to be filed a Joint U.S. Individual
Income Tax Return, Form 1040, in which he failed to declare as
income the approximately $162,500 in Kickback Payments that he
had received during 2004, upon which income tax of approximately
$62,058 was due and owing to the United States.

4.    On or about April 4, 2005, in the District of New
Jersey and elsewhere, defendant

STEPHEN LOTTER

did knowingly and willfully attempt to evade and defeat an income
tax due and owing to the United States by causing to be filed
with the Internal Revenue Service a false and fraudulent Joint
U.S. Individual Income Tax Return, Form 1040, knowing it to be
false and fraudulent as to material matters, namely, that it
failed to declare as income the Kickback Payments that he had

received from contractors as described in paragraph 2 above.

In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

<u>COUNT 3</u>
Income Tax Evasion (2005)
26 U.S.C. § 7201 and 18 U.S.C. § 2

1.    The allegations contained in paragraphs 1 and 3 through 9 of Count 1 of this Information are realleged and incorporated herein.

2.    During the tax year ending December 31, 2005, defendant LOTTER received approximately $184,723 in Kickback Payments as described in paragraphs 3 and 8 of Count 1 of this Information.

3.    For the tax year ending December 31, 2005, defendant LOTTER knowingly caused to be filed a Joint U.S. Individual Income Tax Return, Form 1040, in which he failed to declare as income the approximately $184,723 in Kickback Payments that he had received during 2005, upon which income tax of approximately $59,651 was due and owing to the United States.

4.    On or about April 10, 2006, in the District of New Jersey and elsewhere, defendant

STEPHEN LOTTER

did knowingly and willfully attempt to evade and defeat an income tax due and owing to the United States by causing to be filed with the Internal Revenue Service a false and fraudulent Joint U.S. Individual Income Tax Return, Form 1040, knowing it to be false and fraudulent as to material matters, namely, that it failed to declare as income the Kickback Payments that he had

- 7 -

received from contractors as described in paragraph 2 above.

In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

COUNT 4
Income Tax Evasion (2006)
26 U.S.C. § 7201 and 18 U.S.C. § 2

1.    The allegations contained in paragraph 1 and paragraphs 3 through 9 of Count 1 of this Information are realleged and incorporated herein.

2.    During the tax year ending December 31, 2006, defendant LOTTER received approximately $287,681 in Kickback Payments as described in paragraphs 3 and 8 of Count 1 of this Information.

3.    For the tax year ending December 31, 2006, defendant LOTTER knowingly caused to be filed a Joint U.S. Individual Income Tax Return, Form 1040, in which he failed to declare as income the approximately $287,681 in Kickback Payments that he had received during 2006, upon which income tax of approximately $95,038 was due and owing to the United States.

4.    On or about April 4, 2007, in the District of New Jersey and elsewhere, defendant

STEPHEN LOTTER

did knowingly and willfully attempt to evade and defeat an income tax due and owing to the United States by causing to be filed with the Internal Revenue Service a false and fraudulent Joint U.S. Individual Income Tax Return, Form 1040, knowing it to be false and fraudulent as to material matters, namely, that it failed to declare as income the Kickback Payments that he had

- 9 -

received from contractors as described in paragraph 2 above.

In violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

As the result of committing the mail fraud offense in violation of Title 18, United States Code, Sections 1341 and 1346, and Section 2, alleged in Count 1 of this Information, defendant Stephen LOTTER shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to the following:

1.    PROCEEDS OF CRIMINAL ACTIVITY

A sum of money equal to $820,979 in United States currency, representing the amount of proceeds obtained as a result of the mail fraud offense described in Count 1 of this Information.

2.    CONVEYANCES

a.    the 2008 Cadillac Escalade bearing Vehicle Identification Number 1GYFK66868R114431;

b.    the 2005 Porsche 911 Turbo S bearing Vehicle Identification Number WP0CB29995S675832; and

c.    the 2008 Harley Davidson Model FXCWC motorcycle bearing Vehicle Identification Number 1HD1JK5148Y053620.

3.    CASH PROCEEDS

Approximately $680,979 in United States currency in that such sum constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the mail fraud offense.

- 11 -

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third person;

(3)    has been placed beyond the jurisdiction of the Court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property,

All in violation of Title 18, United States Code, Section 981, Title 28, United States Code, Section 2461, and Title 18, United States Code, Sections 1341 and 1346, and Section 2.


RALPH J. MARRA, JR.
Acting United States Attorney

- 12 -