

**U.S. Department of Justice**

**ORIGINAL**

United States Attorney
District of New Jersey

---

**RECEIVED**

970 Broad Street, Suite 700
Newark, NJ 07102

973/645-2700

SBKOSTO/PL AGR
2007R00696

AUG 1 0 2009

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

January 28, 2009

Clifford E. Lazzaro, Esq.
Clifford E. Lazzaro & Assocs., P.C.
17 Academy Street, Suite 1212
Newark, New Jersey 07102

09-595 (JAP)

Re: <u>Plea Agreement with Stephen Lotter</u>

Dear Mr. Lazzaro:

This letter sets forth the plea agreement between your client, Stephen Lotter, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Stephen Lotter to a four-count information that charges mail fraud in furtherance of commercial bribery, in violation of 18 U.S.C. §§ 1341 & 1346, and personal income tax evasion during the tax years 2004, 2005, and 2006, in violation of Title 26, United States Code, Section 7201. If Stephen Lotter enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Stephen Lotter for his participation with others in a scheme, between at least as early as 2001 and in or about March 2008, to deprive Sprint Nextel and its corporate predecessors of his honest services as an employee by accepting kickbacks as more fully described in the Information. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Stephen Lotter may be commenced against him, notwithstanding the expiration of the limitations period after Stephen Lotter signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1341 to which Stephen Lotter agrees to plead guilty carries a statutory maximum prison sentence of 20 years. The violations of 26 U.S.C. § 7201 to which Stephen Lotter agrees to plead guilty carries a statutory maximum prison sentence of 5 years. Each violation carries a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Stephen Lotter is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Stephen Lotter ultimately will receive.

Further, in addition to imposing any other penalty on Stephen Lotter, the sentencing judge: (1) will order Stephen Lotter to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Stephen Lotter to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Stephen Lotter, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) may order Stephen Lotter to pay the costs of prosecution; (5) must order forfeiture, pursuant to 18 U.S.C. § 982; and (6) pursuant to 18 U.S.C. § 3583, may require Stephen Lotter to serve a term of supervised release of not more than five (5) years, which will begin at the expiration of any term of imprisonment imposed. Should Stephen Lotter be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Stephen Lotter may be sentenced to not more than three (3) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Stephen Lotter agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to Sprint Nextel in an amount to be determined by the sentencing judge.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Stephen Lotter by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Stephen Lotter's activities and relevant conduct with respect to this case.

### Forefeiture

Stephen Lotter agrees that as part of his acceptance of responsibility and pursuant to Title 18, United States Code, Section 981(a)(1)(E) and Title 28, United States Code, Section 2461, he agrees to forfeit to the United States: (1) a total of $820,979 in United States currency; (2) the 2008 Cadillac Escalade bearing Vehicle Identification Number 1GYFK66868R114431; (3) the 2005 Porsche 911 Turbo S bearing Vehicle Identification Number WP0CB29995S675832; and (4) the 2008 Harley Davidson Model FXCWC motorcycle bearing Vehicle Identification Number 1HD1JK5148Y053620. It is agreed that this currency and these three vehicles were property constituting or derived from proceeds obtained as a result of an artifice or scheme to defraud or for obtaining money or property by means of false or fraudulent statements, pretenses, representations, or promises, and therefore is subject to forfeiture. Defendant Stephen Lotter hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

### Stipulations

This Office and Stephen Lotter agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and

may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Stephen Lotter from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Stephen Lotter waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Stephen Lotter. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Stephen Lotter.

Prior to the date of sentencing, Stephen Lotter shall: (1) file accurate amended personal income tax returns for calendar years 2004, 2005, and 2006; (2) provide all appropriate documentation to the Internal Revenue Service in support of such

- 4 -

returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Stephen Lotter agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Stephen Lotter. With respect to disclosure of the criminal file to the Internal Revenue Service, Stephen Lotter waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Stephen Lotter's tax returns and return information.

No Other Promises

This agreement constitutes the plea agreement between Stephen Lotter and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Approval Condition

Stephen Lotter understands that this plea agreement is subject to the approval of the United States Department of Justice, Tax Division.

Very truly yours,

RALPH J. MARRA, JR.
Acting United States Attorney

By: SETH B. KOSTO
Assistant U.S. Attorney

APPROVED:

JUDITH GERMANO
Chief, Commercial Crimes Unit
Criminal Division

       I have received this letter from my attorney, Clifford E. Lazzaro, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____                Date: 2/4/09
Stephen Lotter

_____                Date: 2/4/09
Clifford E. Lazzaro, Esq.

<u>Plea Agreement With Stephen Lotter</u>

<u>Schedule A</u>

1. This Office and Stephen Lotter recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Stephen Lotter nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Stephen Lotter within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Stephen Lotter further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2008 applies in this case.

<u>COUNT 1</u>

3. The applicable guideline is U.S.S.G. § 2B4.1. This guideline carries a Base Offense Level of 8.

4. Specific Offense Characteristics § 2B4.1(b)(1)(B) and, by reference, § 2B1.1(b)(1)(I) apply because the value of the bribe or improper benefit to be conferred was more than $1,000,000 and less than $2,500,000. This Specific Offense Characteristic results in an increase of 16 levels.

5. Stephen Lotter abused a position of private trust in a manner that significantly facilitated the commission of the relevant criminal activity, pursuant to U.S.S.G. § 3B1.3. This results in an increase of 2 levels.

6. The resulting offense level for Count 1 is 26.

<u>COUNTS 2 THROUGH 4</u>

7. The United States and Stephen Lotter agree that Counts 2 through 4 of the Information should be grouped together for purposes of sentencing. <u>See</u> U.S.S.G. § 3D1.2(d).

8. The applicable guideline for Counts 2 through 4 of the Information is U.S.S.G. § 2T1.1(a), which carries a Base Offense Level as set forth in the Tax Tables at § 2T4.1. § 2T4.1 carries a Base Offense Level of 18 because the tax loss resulting from Steven Lotter's conduct in 2004, 2005, and 2006 was more

than $200,000 but less than $400,000. See U.S.S.G. § 2T1.1(a)(1) and § 2T4.1(G).

9. Specific Offense Characteristic § 2T1.1(b)(1) applies because Stephen Lotter failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity. This Specific Offense Characteristic results in an increase of 2 levels.

10. The resulting offense level for the Group comprised of Counts 2 through 4 of the Information is 20. See U.S.S.G. § 3D1.3(b).

GROUPING ANALYSIS

11. The United States and Stephen Lotter agree that Count 1 of the Information should be grouped separately from Counts 2 through 4 of the Information. See U.S.S.G. § 3D1.2.

12. The United and Stephen Lotter further agree that the combined offense level is obtained by taking the offense level applicable to the Group with the highest offense level (i.e., the offense level applicable to the Group comprised of Count 1) and increasing that offense level by one level in accordance with U.S.S.G. § 3D1.4. The resulting combined offense level is 27. See U.S.S.G. § 3D1.4(b).

13. As of the date of this letter, Stephen Lotter has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Stephen Lotter's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

14. As of the date of this letter, Stephen Lotter has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Stephen Lotter enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Stephen Lotter's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Stephen Lotter will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

15. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Stephen Lotter is 24 (the "agreed total Guidelines offense level").

16. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 24 is reasonable.

17. Stephen Lotter knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 24. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 24. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

18. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.